| SUMMONS IN A CIVIL ACTION | URT OF COMMON PLEAS, CUYAHOG | OUNTY JUSTICE CENTER |
|---|---|---|
| | | CLEVELAND, OHIO 44113 |

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV11771130 | D1 CM | 18642149 |

Rule 4 (B) Ohio

Rules of Civil Procedure

GREGORY LIPINA     PLAINTIFF
VS
ZIMMER, INC., ET AL     DEFENDANT

## SUMMONS

ZIMMER INC
P O BOX 708
1800 WEST CENTER STREET
WARSAW IN 46581-0000

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Plantiff's Attorney

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

JOHN P MALONE JR
614 SUPERIOR AVENUE NW

1150 ROCKEFELLER BLDG.
CLEVELAND, OH 44113-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

TIMOTHY MCCORMICK
Do not contact judge. Judge's name is given for attorney's reference only.

GERALD E. FUERST
Clerk of the Court of Common Pleas

DATE
Dec 22, 2011    By_____
                         Deputy

COMPLAINT FILED 12/12/2011

CMSN130

EXHIBIT A

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| GREGORY LIPINA<br>4186 Sleepy Hollow Road<br>Brunswick, Ohio 44212<br><br>Plaintiff,<br><br>-v-<br><br>ZIMMER, INC.<br>P.O. Box 708<br>1800 West Center Street<br>Warsaw, Indiana 46581-0708<br><br>and<br><br>JOHN DOE #1<br>Address Unknown<br><br>and<br><br>JOHN DOE #2<br>Address Unknown<br><br>Defendants. | CASE No.<br><br>JUDGE:<br><br>COMPLAINT     Complaint<br>                TIMOTHY MCCORMICK<br>                CV 11 771130<br><br>**JURY DEMAND ENDORSED HEREON** |

DEPOSITED
DEC 12 2011
SECURE COSTS
GERALD E. FUERST, Clerk of Courts
PER _____ DEPUTY

1. Plaintiff Gregory Lipina is an individual residing in the State of Ohio.

2. Defendant Zimmer, Inc. AKA Zimmer AKA Zimmer Holdings Inc. and its agents, suppliers, distributors, successors and/or assigns ("Zimmer") is a company that has sold goods to Ohio residents and/or caused goods to be distributed in Ohio for medical purposes.

3. Defendant Zimmer, its agents and/or certain John Doe Defendants with whom it may have had business relationships for distribution and/or manufacture and/or resale of its products, sold prosthetic goods in Ohio and/or caused prosthetic goods to be distributed in Ohio by its

agents, John Doe Defendants, and/or assigns for medical services which were provided to Plaintiff at University Hospital, Cleveland, Cuyahoga County, Ohio on or about April 4, 2000.

4. Jurisdiction and venue are proper in Cuyahoga County, Ohio, Court of Common Pleas.

5. Plaintiff Lipina, on or about April 4, 2000, had a left hip replacement at University Hospital in Cleveland, Ohio.

6. The prosthetic device used to replace Plaintiff's left hip on April 4, 2000 was manufactured and distributed by Defendant Zimmer and/or its agents and/or its suppliers.

7. On or about December 20, 2009, Plaintiff, while reclining on a couch, felt a sharp pain and heard a popping sound in his left hip.

8. He thereafter sought medical treatment.

9. Zimmer had a duty to manufacture and provide Plaintiff and consumers of its product with orthopedic prosthetic hip device which was free from defects in the materials used, in the design for the device, and in the manufacturing of the device.

10. Zimmer, as is set forth hereinafter, breached its duties and obligations which it owed to Plaintiff Lipina.

11. Plaintiff, as a direct and proximate result of Zimmer's breach of its duties and obligations, suffered injury and pain and suffering, as is set forth hereinafter and as will be shown at the trial of this matter.

12. Plaintiff, as a direct and proximate result of Zimmer's breach of its duties and obligations, underwent a medically necessary hip replacement surgery on or about January 26, 2010 at University Hospital in Cleveland, Cuyahoga County, Ohio, to remove the original Zimmer

product which had cracked and split apart and was thereby causing great pain and suffering to Plaintiff.

13. The surgery was necessary because of Zimmer's breach of its duties and obligations and due to the defective product supplied by Defendant Zimmer for Plaintiff's hip replacement on April 4, 2000.

## FIRST CAUSE OF ACTION
## (STATUTORY PRODUCT LIABILITY)

14. Plaintiff reavers and realleges all the foregoing as if fully rewritten herein.

15. Defendant Zimmer manufactured a certain orthopedic hip device and/or part(s) for surgical hip replacement.

16. At the time that the orthopedic hip device left the control of the manufacturer Zimmer, it differed in a materially significant way from the manufacturer's design, specification, formula or performance standards.

17. Defendant's product was therefore defective in its manufacture or construction.

18. As a direct and proximate result of said defect, Defendant is strictly liable to Plaintiff Lipina for the manufacturing defect that proximately caused Plaintiff to suffer bodily injury, harm and pain and suffering in an amount of at least $25,000.00, or such other greater amount as will be shown at trial.

## SECOND CAUSE OF ACTION
## (STATUTORY DEFECT IN DESIGN OR FORMULATION (RC 2307.75))

19. Plaintiff reavers and realleges all the foregoing as if fully rewritten herein.

20. The orthopedic hip device manufactured by Defendant was defective in design or

formulation, because at the time the product left Defendant's control, the product's foreseeable risks associated with its design or formulation exceeded the benefits associated with the product's design or formulation.

21. The risk of harm associated with the product's design or formulation in light of its intended and reasonably foreseeable uses, was great.

22. Plaintiff Lipina was not likely to be aware of any risks of harm.

23. It was reasonably foreseeable by the Defendant that the design and formulation of its product would cause harm in light of its intended and reasonably foreseeable uses.

24. At the time of its production and manufacture, the product's design or formulation did not properly conform to the applicable public and/or private standards in effect when the product left Zimmer's control.

25. The product's design or formulation was more dangerous than a reasonably prudent consumer such as Plaintiff Lipina would have expected when using it in an intended or reasonably foreseeable manner.

26. Therefore, as a direct and proximate result of Defendant's defective design or formulation of the orthopedic hip device product, Plaintiff suffered bodily injury, harm and pain and suffering in an amount of at least $25,000.00, or such other greater amount as will be shown at trial.

### THIRD CAUSE OF ACTION
### (FAILURE TO WARN)

27. Plaintiff reavers and realleges all the foregoing as if fully rewritten herein.

28. The orthopedic hip device product manufactured by Defendant was defective.

29. Defendant manufacturer knew or, in the exercise of reasonable care, should have known about a risk associated with the product and which caused Plaintiff Lipina harm.

30. Defendant Manufacturer Zimmer failed to provide the warning or instructions to Plaintiff and his medical providers that a manufacturer exercising reasonable care would have provided concerning that risk, in light of the likelihood that the product would cause harm of the type claimed by Plaintiff Lipina and in light of the likely seriousness of that harm.

31. Defendant Zimmer thereby breached the applicable standard of care.

32. As a direct and proximate result of said breach, Plaintiff suffered bodily injury, harm and pain and suffering in an amount of at least $25,000.00, or such other greater amount as will be shown at trial.

### FOURTH CAUSE OF ACTION
### (STATUTORY NON-CONFORMANCE TO REPRESENTATION (RC 2307.77))

33. Plaintiff reavers and realleges all the foregoing as if fully rewritten herein.

34. Defendant Zimmer's product is defective in that it did not conform, when it left the control of the manufacturer, to certain representations made by the manufacturer Zimmer and justifiably relied upon by Plaintiff Lipina and his medical providers.

35. The orthopedic hip device is defective because it did not conform to such representation, and even though the manufacturer may not have acted fraudulently, recklessly, or even negligently in making the representations.

36. As a direct and proximate result of such statutory non-conformance to said representations, Plaintiff suffered bodily injury, harm and pain and suffering in an amount of at least $25,000.00, or such other greater amount as will be shown at trial.

### FIFTH CAUSE OF ACTION
### (COMMON LAW BREACH OF IMPLIED WARRANTY )

37. Plaintiff reavers and realleges all the foregoing as if fully rewritten herein.

38. Defendant Zimmer was the manufacturer of the orthopedic hip device product.

39. At the time the orthopedic hip device product left Defendant's control, Defendant breached its duty to provide a product of good and merchantable quality and fitness for its intended use.

40. Said breach by Defendant of its implied warranty to Plaintiff Lipina and his medical providers was the direct and proximate cause of damages suffered by Plaintiff and Plaintiff thereby suffered bodily injury, harm and pain and suffering in an amount of at least $25,000.00, or such other greater amount as will be shown at trial.

### SIXTH CAUSE OF ACTION
### (BREACH OF THE WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE)

41. Plaintiff reavers and realleges all the foregoing as if fully rewritten herein.

42. Defendant Zimmer held itself out to the world and to Plaintiff Lipina and his medical providers as having the necessary skill and judgment to select and furnish appropriate orthopedic hip device products for human medical use.

43. Defendant Zimmer breached its implied warranty that said orthopedic hip device product was fit for the particular purpose of use.

44. Plaintiff Lipina and his medical providers relied upon Defendant Zimmer's representations that the orthopedic hip device product was fit for the particular purpose of use as utilized by Plaintiff.

45. Defendant did not exclude or modify the implied warranty of fitness for a particular purpose when it provided the orthopedic hip device product to Plaintiff and/or Plaintiff's medical providers and doctors.

46. As a direct and proximate result of said Breach of Fitness for a Particular Purpose, Plaintiff suffered bodily injury, harm and pain and suffering in an amount of at least $25,000.00, or such other greater amount as will be shown at trial.

## SEVENTH CAUSE OF ACTION
## (NEGLIGENCE)

47. Plaintiff reavers and realleges all the foregoing as if fully rewritten herein.

48. Defendant Zimmer's conduct was negligent in that it breached the appropriate customary, reasonable and expected standard of care for the product supplied.

49. As a direct and proximate result of said breach of care and negligence, Plaintiff suffered bodily injury, harm and pain and suffering in an amount of at least $25,000.00, or such other greater amount as will be shown at trial.

## EIGHTH CAUSE OF ACTION
## (CONTRACT)

50. Plaintiff reavers and realleges all the foregoing as if fully rewritten herein.

51. Defendant Zimmer, by reason of purchase orders from and/or contracts with Plaintiff's medical suppliers and/or physicians, entered into a contractual agreement to provide for Plaintiff Lipina a replacement hip comprised of a ball and socket of a certain quality and standard equal to and commensurate with the standard and quality of similar products available in the marketplace.

52. Plaintiff Lipina was the third party beneficiary of said contractual agreements and/or purchase orders.

53. Defendant Zimmer breached the aforesaid agreement to provide a replacement hip comprised of a ball and socket of a certain quality and standard equal to and commensurate with the standard and quality of similar products available in the marketplace.

54. As a direct and proximate result of said breach, Plaintiff suffered bodily injury, harm and pain and suffering in an amount of at least $25,000.00, or such other greater amount as will be shown at trial.

WHEREFORE, Plaintiff Lipina prays for damages as follows:

A. On Counts 1 through 8, Compensatory Damages in an amount of at least $25,000.00, or such other greater amount as will be shown at trial.

B. On Counts 1 through 7, Punitive Damages in an amount of at least $25,000.00, or such other greater amount as will be shown at trial.

C. For attorney fees, costs and other such relief as is just and equitable.

Respectfully submitted,

John P. Malone, Jr. #0023580
Malone Law LLC
614 W. Superior Ave. #1150
Cleveland, Ohio 44113
(216) 861-5511, FAX (216) 861-0211
jmaloneattorney@gmail.com
Attorney for Plaintiff

## JURY DEMAND

Pursuant to Civil Rule 38, demand is hereby made for a Trial by Jury.

John P. Malone, Jr.
Attorney for Plaintiff